```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

FRANK CRISLER,

                Petitioner,         **DECISION AND ORDER**
                                                        No. 04-CV-6417

    -vs-

JOHN BURGE, Superintendent,

                Respondent.
_____

### INTRODUCTION

*Pro Se* petitioner Frank Crisler filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody. Petitioner was convicted pursuant to a judgment entered on September 14, 1994, in New York State, Monroe County Court, of one count of Criminal Possession of a Weapon in the Second Degree (N.Y. Penal Law (hereinafter "Penal Law" § 265.03) and two counts of Criminal Use of a Firearm in the Second Degree (Penal Law 265.08). For the reasons set forth below, the petition is denied.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner was indicted on five counts stemming from an incident occurring on or about October 25, 1992, when petitioner was caught by a Rochester, New York police officer illegally possessing and using a handgun. Indictment No. 293 filed in April of 1993 charged petitioner with one count of Attempt to Commit

-1-

Murder in the First Degree, one count of Criminal Possession of a Weapon in the Second Degree, two counts of Criminal Use of a Firearm in the Second Degree, and one count of Reckless Endangerment in the First Degree. A trial on all counts was held, and upon conclusion of the trial, the court dismissed the Reckless Endangerment charge. Trial Transcript (hereinafter "T.T.") 473. The jury acquitted the petitioner on the charge of Attempted Murder, but convicted him of one count of Criminal Possession of a Weapon in the Second Degree and two counts of Criminal Use of a Firearm in the Second Degree. T.T. 609-610.

Because the petitioner had previously been convicted of at least two felonies, he was subject to enhanced sentencing under New York Law as a persistent felony offender. At sentencing, the court determined that the enhanced sentencing provisions applied, and sentenced petitioner to a term of twenty-five years to life imprisonment.

On May 9, 1996, petitioner motioned the Monroe County Court, in a collateral post-conviction proceeding, to vacate his conviction pursuant to C.P.L. § 440.10 on the basis of newly discovered evidence. Resp't Appx. B. The motion was denied. Resp't Appx. H. Petitioner appealed the denial of his §440.10 motion, to the Appellate Division, Fourth Department, which partially-granted his appeal, and dismissed petitioner's convictions on the two counts of Criminal Use of a Firearm in the

Second Degree. People v. Crisler, 278 A.D.2d 887, 889 (4th Dept. December 27, 2000). Though the Appellate Division vacated Petitioner's sentence with respect to the counts of Criminal Use of a Firearm, he remained a persistent felony offender, and therefore, his sentence of 25 years to life remained unchanged. Id. However, the Appellate division later vacated its December 27, 2000 Decision, (People v. Crisler, 289 A.D.2d 1097 (4th Dept. December 21, 2001), and in a Decision dated March 21, 2003, unanimously affirmed the original denial of petitioner's §440.10 motion. People v. Crisler, 303 A.D.2d 949 (4th Dept. 2003).

Petitioner filed a final collateral post-conviction proceeding pursuant to C.P.L § 440.20. Petitioner claimed that because his sentence of twenty-five years to life is greater than the statutory maximum for the crimes of which he was convicted, and because his sentence was imposed pursuant to New York State's persistent felony offender law (which requires a judge to make factual findings in determining whether the enhanced sentencing provisions apply) his sentence is unconstitutional pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), which, in general, holds that "[O]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 530 U.S. at 490. The motion was denied in a Monroe County Court decision dated March 15, 2004. The court relied on People v.

Rosen, 96 N.Y.2d 329 (2001), which was decided post-Apprendi, and held that New York's felony offender statute does not violate due process.

Petitioner now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on grounds that his sentence is unconstitutional under Apprendi because a judge, and not a jury, made factual findings which enhanced his sentence beyond the maximum sentence allowable for the crime of Criminal Possession of a Weapon in the Second Degree.

## DISCUSSION

I.  The Standard of Review for Habeas Corpus Petitions

In reviewing a state prisoner's habeas corpus petition pursuant to 28 U.S.C. § 2254, federal district courts make an independent determination as to whether the petitioner is in custody in violation of his rights under the Constitution or any laws and treaties of the United States. Coleman v. Thompson, 501 U.S. 722, 730 (1991), reh'g denied, 501 U.S. 1277 (1991).  A federal court does not function as an appellate court to review matters within the jurisdiction of the state, or to review rulings and decisions of state trial and appellate courts when it reviews a state prisoner's habeas petition.  Rather, the court only determines whether the proceedings in state court amount to a violation of federal constitutional rights.  Id.  Federal review of

state court convictions is limited to federal constitutional errors which deny criminal defendants the right to a fundamentally fair trial. Cupp v. Naughton, 414 U.S. 141, 144 (1973).

When reviewing habeas claims of petitioner's who were convicted in state court, the federal habeas court may not grant relief unless the state court decision was:

> contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or ...
>
> based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2).

"Clearly established" federal law "refers to the holdings, as opposed to the dicta of [the U.S. Supreme] Court's decisions as of the time of the relevant state-court decisions." Williams v. Taylor, 529 U.S. 362, 412 (2000). A state court decision is contrary to clearly established federal law if the state court "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to" that of the Supreme Court. Id. at 405, 120 S. Ct. at 1519.

A state court decision is an "unreasonable application" of Supreme Court precedent if it:

> Identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts ... [or] unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

Id., 529 U.S. at 407, 120 S. Ct. at 1521. This standard applies even if the state court decision was a summary affirmance of the conviction that did not explicitly reject the Federal claim, as long as the decision necessarily determined the claim. Sellan v. Kuhlman, 261 F.3d 303 (2d Cir. 2001).

## II. MERITS OF THE PETITION

Petitioner asserts only one claim in his habeas petition. He argues that his sentence is illegal because New York State's discretionary persistent felony offender procedures violate the Due Process Clause as interpreted by the Supreme Court in both Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004). Pet. at ¶ 12(A). Petitioner properly raised this issue in state court via his § 440.20 motion to vacate his sentence. As a result, the state courts have already decided the claim and therefore it is exhausted for the purposes of habeas review. The issue before this court is whether the state court decision was either "contrary to, or involved an unreasonable

application of, clearly established Federal law", or was "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1) and (2).

Although the petitioner claims that his sentencing violates Apprendi, and Blakely, the Apprendi case was not decided until June, 2000, and the Blakely case was not decided until June, 2004, six years and ten years respectively after the petitioner was sentenced in this case. Accordingly, at the time of petitioner's sentencing, in 1994, the rules set forth in Apprendi and Blakely (that any fact, other than the fact of a prior conviction, which increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt) did not apply. As a result, the petitioner cannot establish that his sentencing in 1994 was contrary to, or involved an unreasonable application of, clearly established Federal law.

Nor does the fact that petitioner has made collateral attacks on his conviction both before and after Apprendi was decided entitle him to relief. It is well established that the rules set forth in Apprendi and Blakely have not been made retroactive. Poindexter v. Nash, 333 F.3d 372, 379 (2nd Circ., 2003)("Supreme Court has not made Apprendi retroactive to cases on collateral review"); Carmona v. U.S., 390 F.3d 200, 202 (2nd Circ., 2004 (Blakely decision was not made retroactive by the Supreme Court).

Accordingly, the petitioner is not entitled to relief under Apprendi or Blakely.

**CONCLUSION**

For the reasons stated above, Frank Crisler's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because petitioner failed to make a substantial showing of a denial of a constitutional right, the court declines to issue a certificate of appealability. See 28 U.S.C. § 2253.

**IT IS SO ORDERED**

    S/Michael A. Telesca

    _____
    HONORABLE MICHAEL A. TELESCA
    United States District Judge

DATED:    September 28, 2009
           Rochester, New York.